IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GOLD COAST COMMODITIES, INC.,**

*Plaintiff*,

v.

CAUSE NO. 3:22-CV-194-CWR-LGI

**UNITED FIRE & CASUALTY CO.,**

*Defendant*.

# ORDER

The City of Brandon, Mississippi; the City of Jackson, Mississippi; and Lewis Mashburn filed separate lawsuits against Gold Coast Commodities. They accused Gold Coast of dumping industrial waste on their properties. Gold Coast sought a defense from its insurer, United Fire & Casualty, but United Fire refused. Gold Coast then filed this declaratory action.

In competing motions, the parties ask the Court to adjudicate whether United Fire has a duty to defend Gold Coast in the three underlying lawsuits. Because precedent indicates that the answer is "no," the Court will grant United Fire's motion for summary judgment.

**I.   The City of Brandon's Lawsuit**

The discussion begins with the more straightforward analysis.

United Fire denied coverage for the City of Brandon lawsuit in July 2018. Gold Coast then waited more than three years before filing this dec action. Unsurprisingly, then, United Fire says any claims related to the Brandon action are untimely under Mississippi's three-year statute of limitations.

Gold Coast responds that United Fire "failed to adequately and sufficiently plead the statute of limitations as an affirmative defense," resulting in waiver. But United Fire's fourth affirmative defense says that "[t]he claims, or some of them, in the Amended Complaint are barred by the applicable statutes of limitations and/or repose or are otherwise time barred." Under Rule 8 and Fifth Circuit precedent, that sentence preserved the defense. *See Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 309 (5th Cir. 2019).

Gold Coast's only supporting case found an affirmative defense invoking "the statutory limit" too vague, as it could have referred to a damages cap, a statute of limitations, or anything else in a statute. *See Rodriguez v. Physician Lab'y Servs., LLC*, No. 7:13-CV-622, 2014 WL 847126, at *2 (S.D. Tex. Mar. 4, 2014). Here, though, United Fire's affirmative defense used the words "statutes of limitations" and "time barred." There is nothing vague about that.

Gold Coast then seeks equitable tolling. It says it deserves extra time because the Mississippi Supreme Court issued a purportedly-favorable decision about a pollution exclusion after Gold Coast's three-year statute of limitations expired. But litigants seeking equitable tolling must show that they have pursued their rights "diligently," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and a Mississippi Supreme Court decision about a different insured's case says nothing about Gold Coast's own diligence. Equitable tolling is not available here.

Because Gold Coast did not file a dec action about the Brandon suit within three years of United Fire's denial letter, the Brandon-related portion of Gold Coast's claim must be dismissed as untimely under the statute of limitations.

## II.     The City of Jackson and Lewis Mashburn's Lawsuits

The next question is whether United Fire must defend its insured in the City of Jackson and Lewis Mashburn suits.

United Fire says there's no coverage because Gold Coast's dumping was intentional rather than accidental. It also says a pollution exclusion precludes coverage. Gold Coast responds that some of the allegations in the Jackson and Mashburn complaints allege negligence rather than intentional conduct. Gold Coast then says the pollution exclusion is ambiguous under a 2022 Mississippi Supreme Court case, which (if true) means the exclusion must be construed in Gold Coast's favor.

The standard for insurance coverage disputes is well-established and need not be recited today. *See Gold Coast Commodities, Inc. v. Crum & Forster Specialty Ins.*, 68 F.4th 963, 967 (5th Cir. 2023).

On review, the Court finds that the pollution exclusion operates to bar coverage in both the Jackson and the Mashburn suits.

In a Gold Coast coverage case issued just a few months ago—one involving the same underlying Brandon and Jackson lawsuits, but a policy of insurance issued by Travelers Casualty and Surety—the Fifth Circuit found "that all the claims in the [underlying] complaints were clearly and unambiguously excluded from coverage based on the Policy's pollution exclusion." *Gold Coast Commodities, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 96 F.4th 769, 772 (5th Cir. 2024). In so doing, the Fifth Circuit rejected Gold Coast's ambiguity argument. It concluded that the Mississippi Supreme Court case Gold Coast proffered (then and now) had "distinct factual circumstances [that] require a different outcome." *Id.* (discussing *Omega Protein, Inc. v. Evanston Ins.*, 336 So. 3d 128 (Miss. 2022)).

3

The pollution exclusion in United Fire's policies is substantively identical to the pollution exclusion in the Travelers policy that the Fifth Circuit interpreted. As a result, the Fifth Circuit's decision in that case requires an identical finding in this suit. United Fire does not have a duty to defend Gold Coast in the City of Jackson or Lewis Mashburn suits.

### III. Conclusion

The motion for summary judgment is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 8th day of August, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
